## Young, Appellant, *v.* Rankin.

*Defendant waives all objection to the service of process by appearing and pleading, although the plea be bad and treated as a nullity.*

APPEAL from the Warren circuit court.

Rankin sued Young in the court below upon a note executed by George W. Tally & Co. and declared that Young was a mercantile partner of said company. At the trial, the defendant by his attorney, plead in abatement of the action, that he was not a partner of Tally & Co.

To this plea there was no affidavit.

When the case was called, the plaintiff's attorney moved to strike out the plea, or treat it as a nullity, which was done, and judgment by default was taken. After which the attorney for Young moved to quash the writ, on the ground that the defendant did not reside in Warren county, and that leaving a copy of the writ at his store was not a sufficient service, and offered the affidavit of John L. Menifee, to show that Young was not a citizen of the county, &c. Defendant's counsel also offered a statement that the plea was not filed or intended to be filed as a plea. This motion was overruled and the case comes into this court by appeal.

Hughes for Appellant.

This was an action of *assumpsit* in the court below, by Rankin against Young, survivor of G. W. Talley & Co.

The writ which was issued in the case was returned by the sheriff, with this endorsement upon it.

"The within named Daniel C. Young, not found in my county, but a copy left with John L. Menifee, his partner, at their storehouse in Vicksburg, that being the only place of business, and no other residence."

E. W. Morris, *Sheriff.*

By C. E. Yeaman, *Dep. Sheriff.*

A plea in abatement was filed, which was not sworn to, and

which was treated as a nullity, and correctly too, as it was not sworn to.

At a subsequent day of the term, John H. Martin, Esq. came into court, moved to quash the return of the sheriff, and filed the affidavit of John L. Menifee, who states, that Young at the time of the leaving a copy of the writ with him, was not a resident of, or in Mississippi, but then was in the state of Missouri, where he resides, and that he believed he knew nothing of the service of the writ.

The said Martin stated, that a plea had been prepared by another gentleman, that Young was not a partner of G. W. Talley, that the plea was not filed nor intended to be filed, although now found amongst the papers, because the affidavit of Young could not be had. He was spoken to by Menifee, to attend to the case. The motion was overruled and exception was taken.

Upon this shewing, the return of the sheriff should have been quashed, and the judgment by default set aside.

Young had no notice, had employed no counsel, but a friend spoke to counsel, who prepared or had it done, but did not intend to file it, but by some means, it got with the papers. And upon this, the court considered the plea an appearance, treated the plea as a nullity, and gave judgment by default. In this, the court did right; but the court did not do right when it was ascertained that the plea was not in fact filed, to refuse to retrace its steps.

Anderson and Brien, for appellant.

The record states that the plea was filed, the plea was signed by the attorneys. The fact could not be denied; the record is conclusive.

The filing the plea was an appearance, 1 Bac. Abt. Title, Abatement, letter P.

The defendant after appearing could not except to the service of process. If he had any thing to object thereto, it should have been done before a plea. A plea is a waiver of any objection to service of process.

If Menifee was attorney in fact, then Martin was properly attorney at law; and Young was bound by his passing by the defect in service of process (if there was any) and pleading. If they

are not attorneys at law and in fact, then there is no bond for this appeal, and the appeal itself was taken without authority and ought to be dismissed.

But as to Martin's being attorney at law, the fact cannot be disputed by the plaintiff in error.

It is a well settled principle that if a licensed attorney of a court, either prosecutes or defends a suit therein, however disastrous may be the consequences to the person for whom he appeared, he is bound by his acts in any contest or question between him and the other party to said suit.

It is insisted that the service of the process was good upon a resident. If not good because the defendant is a non-resident, the defendant did not attempt to establish the fact of non-residence in the proper way. It should have been by plea, so that the plaintiff might have a choice to take issue upon it and have proof and a trial. But here the fact was attempted to be established by an *ex parte* affidavit, no chance given plaintiff to cross-examine the witness or produce counter evidence.

So far as the invalidity of the sheriff's return depends upon the fact of non-residence of plaintiff in error, there was surely no error in the court not noticing the fact.

If the plaintiff is to be regarded as a resident, as it is insisted he must, then it is contended the service was sufficient. Revised Code 114, section 44.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The question here involved is whether a defective service of process is waived by pleading a bad plea which was disregarded by the court. It was a plea in abatement without affidavit; which, on motion was treated as a nullity.

We can entertain no doubt, but what the appearance was sufficient to amount to a waiver in the defective service of process, if the service was defective, which under the circumstances need not be decided. Preceding the plea is an entry in the record that the defendant by attorney appeared. This in itself might be regarded as sufficient; but in addition a plea was filed, which contained the ordinary appearance, to wit: " And the said defendant by attorney comes and defends the wrong, &c." This was not

Young, Appellant, *v.* Rankin.

necessarily a part of the plea, and may be omitted in pleading. 1 Chitty, 461. Although the plea was regarded as a nullity, it does not follow that the appearance was so regarded. A defendant may enter his appearance in one part of the record, and his plea in another. In England a very slight circumstance is held to be an appearance; such as taking a declaration out of the office, or receiving a copy of it either by the party or his attorney. Sellon's Practice, 93. In addition to the above appearance, we find that the defendant's appearance is further made apparent in taking the bill of exceptions to the overruling his motion. The record of it is, "that on the trial of the above motion the defendant by his counsel excepted, &c." We must, therefore, regard the appearance as sufficient, and cannot enter into an inquiry as to the power of the attorney to appear, or his intention to do so. If the plaintiff in error suffers by it, he may look to his attorney.

Judgment affirmed.